IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

3:11cv046-FDW-5
(3:03cr205-1)

| | |
|---|---|
| SHAWN ANTONIO WILEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on January 28, 2011. (Doc. 1.)

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs the district court assigned a § 2255 motion to examine it promptly. When it plainly appears from any such motion and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Rules Governing Section 2255 Proceedings, Rule 4(b). For the reasons stated herein, it appears that Petitioner's motion is time-barred. He shall be given 20 days in which to file a document explaining to the Court why he believes his motion should not be dismissed as untimely.

**I. Factual and Procedural Background**

On November 11, 2003, Petitioner was indicted for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), (Count One), possession with intent to distribute a controlled substance, crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (Count

Two), and using, carrying, and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1), (Count Three). (Case No. 3:05cr205-1, Doc. No. 1.) On May 19, 2004, Petitioner entered a guilty plea in Counts One and Three pursuant to a plea agreement, in which the Government dismissed Count Two. Id., at Doc. 13. Judgment was entered on September 10, 2004, and the Court sentenced Petitioner to a total of 400 months imprisonment and three years of supervised release. Id., at Doc. No. 18. Petitioner did not file a direct appeal.

## II. Discussion

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§2255(f). Petitioner's conviction and sentence became final on or about September 24, 2004, when the time for filing a direct appeal expired. United States v. Johnson, 203 F.3d 823 (4th Cir. 2000) (unpublished); Fed.R.App.P. 4(b). Therefore, Petitioner had until September 24, 2005 in which the file a Motion to Vacate in federal court. Petitioner filed the instant Motion to Vacate

2

more than five years later on January 28, 2011.  It appears that, absent equitable tolling, Petitioner's Motion to Vacate is untimely.

The Fourth Circuit has directed district courts to warn *pro se* petitioners prior to dismissing their habeas claims as untimely where the government has not filed a motion to dismiss based on the limitations period.  Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of §2255 Motion).  Petitioner shall have the opportunity to argue to this Court why his § 2255 motion should not be dismissed as untimely.

**IT IS, THEREFORE, ORDERED** that Petitioner has twenty (20) days from the date on which this Order is entered to file a document in this Court explaining why his § 2255 motion should not be dismissed as untimely.

**SO ORDERED.**

Signed: February 3, 2011

Frank D. Whitney
United States District Judge